IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) ) | **CIVIL ACTION** |
| ) ) | **COMPLAINT** |
| **99 WEST INC.** ) ) | |
| **Defendant.** ) ) | **JURY TRIAL DEMANDED** |

## NATURE OF ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to TJ Cahill ("Mr. Cahill"), who was adversely affected by such practices. As articulated with greater particularity in Paragraph 8 below, the Commission alleges that 99 West Inc. ("Defendant") subjected Mr. Cahill to a harassing work environment when its manager regularly made crude comments and offensive gestures to Mr. Cahill because of his disability.  The Commission alleges that Mr. Cahill made several complaints to Defendant about the harassing environment, but Defendant failed to take any remedial action to stop the harassing behavior.  The Commission further alleges that Defendant unlawfully disciplined and subsequently discharged Mr. Cahill on March 1, 2008 in violation of the Americans with Disabilities Act of 1990.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged herein were committed within the judicial district of this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant 99 West Inc. ("Defendant") has continuously been a Massachusetts corporation doing business within the Commonwealth of Pennsylvania, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.	At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.	More than thirty days prior to the institution of this lawsuit, Mr. Cahill filed a charge with the Commission alleging violations of Title I and Title V of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.	Since at least mid-June 2007, Defendant has engaged in unlawful conduct at its Trevose, Pennsylvania facility by unlawfully subjecting Mr. Cahill to a harassing work environment and retaliation because of his perceived disability in violation of Sections 102(a) and (b) of Title I of the ADA, 42 U.S.C. Section 12112(a) and (b), and Sections (503)(a) of Title V of the ADA, 42 U.S.C. Section 12203(a). These unlawful practices include, but are not limited to, the following:

(a)	Throughout his life, Mr. Cahill has a significant speech impediment rendering him unable to articulate the "th" and "thr" sounds and causing him to substitute the "d" sound therefor. In addition, he has a protruded underbite, rendering him unable to close completely his mouth.

(b)	In June 2006, Mr. Cahill began his employment as a Server at Defendant's Philadelphia restaurant and transferred in February 2007 to Defendant's Trevose (Bensalem) facility in the same capacity. Mr. Cahill consistently received exemplary performance evaluations prior to transferring to Defendant's Trevose facility.

(c) Beginning in June 2007, Defendant's Manager regularly referred to and addressed Mr. Cahill as "Slow" and "Re-J," short for "Retarded TJ, as a result of his speech impediment and facial disfigurement.

(d) Defendant's Manager also made derogatory sign language hand gestures referring to Mr. Cahill as "F***ing Retard" and "Slow Mother F***er Retard."

(e) Starting in or about mid-June 2007 Mr. Cahill made repeated complaints to Defendant's General Manger about the harassing work environment, but the harassment persisted.

(f) After Mr. Cahill complained, Defendant's management began issuing to him unjustified written reprimands, most from the harassing official, and in retaliation for his complaints of harassment.

(g) On or about March 1, 2008, and within a week of objecting to his Manager's harassing behavior, Defendant terminated Mr. Cahill's employment in retaliation for his complaints of harassment.

9. As a direct and proximate result of these violations of his rights under the ADA, Mr. Cahill has suffered damages in the form of expenses for job searches, expenses incurred due to the loss of health insurance, and other past pecuniary losses. In addition, he has suffered emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

10. The unlawful employment practices complained of above were intentional.

11. The unlawful employment practices complained of herein were, and are being, done with malice or with reckless indifference to the federally protected rights of Mr. Cahill.

12. The unlawful employment practices complained of herein have caused Mr. Cahill to suffer economic injuries, including but not limited to lost wages, as well as nonpecuniary injuries.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from harassing individuals due to disability, and from illegally retaliating and terminating individuals who are disabled within the meaning of the ADA, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Mr. Cahill by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to reinstate Mr. Cahill or to make him whole by providing him with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

E. Order Defendant to make whole Mr. Cahill by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.  Order Defendant to make whole Mr. Cahill by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

G.  Order Defendant to pay Mr. Cahill punitive damages for its malicious and reckless conduct, as described hereinabove, in amounts to be determined at trial.

H.  Grant such further legal or equitable relief, including injunctive relief, as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission hereby requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Stephanie Marino for DL*
DEBRA M. LAWRENCE
Acting Regional Attorney

*/s/ Dawn M. Edge*
DAWN M. EDGE
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

801 Market Street, Penthouse, Suite 1300
Philadelphia, PA 19107
(215) 440-2687

7